# Calligan *v.* Monongahela City, Appellant.

*Negligence—Municipalities—Hole in pavement—Notice—Time —Constructive notice—High heeled shoes.*

1. It is negligence for a city to leave so large a hole in one of its pavements that heels of the usual size will probably catch therein and cause the wearer to be thrown to the ground; but it is not required to anticipate the possibility of accidents by the use of abnormally narrow heels, however fashionable they may be.

2. Where the evidence shows a number of holes in a pavement, it is sufficient if the particular one, regarding which complaint is made, is proved to have existed for such a length of time as to require the city then to take notice thereof.

Argued October 3, 1921. Appeal, No. 112, Oct. T., 1921, by defendant, from judgment of C. P. Washington Co., May T., 1920, No. 268, on verdict for plaintiff, in case of Nora Calligan v. Monongahela City. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEP-HART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before BROWNSON, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $1,708. Defendant appealed.

*Error assigned,* inter alia, was refusal of judgment for defendant n. o. v., quoting record.

*Carl E. Gibson,* with him *W. K. Vance, C. L. V. Acheson* and *J. Boyd Crumrine,* for appellant.—The general rule is that it is the duty of the city to construct and maintain its public highways so that they shall be reasonably safe and convenient for ordinary use and travel. In performing this duty it is bound to use ordinary care and diligence, but is not bound to provide against the possibility of an accident: Levine v. City, 252 Pa. 181; McIntyre v. City, 238 Pa. 524; Purcell v. Riebe, 227 Pa.

503; Mason v. Phila., 205 Pa. 177; King v. Thompson, 87 Pa. 365; Reed v. Boro., 213 Pa. 357; Canavan v. City, 183 Pa. 611.

*Harry A. Jones,* with him *Rody P. & Meredith R. Marshall,* for appellee, cited: Smith v. Steel Car Co., 262 Pa. 550; Bond v. R. R., 218 Pa. 34; Shannon v. McHenry, 219 Pa. 267; Hardoncourt v. Iron Co., 255 Pa. 379.

OPINION BY MR. JUSTICE SIMPSON, January 3, 1922:

Plaintiff recovered a verdict and judgment for injuries resulting from an alleged defect in a sidewalk on one of defendant's streets, and the latter prosecutes this appeal, presenting for our consideration the following questions only: (1) Was the hole into which plaintiff stepped "such a defect in the sidewalk as to render it not reasonably safe, and create liability on the municipality charged with its maintenance"? and (2) Was there proof of "the existence of that particular defect, for a sufficient time to show constructive notice"?

At the place where the accident happened the pavement consisted of an iron framework, containing round pieces of glass, two and a quarter inches in diameter, through which light entered into a vault below. From some unstated cause, a number of the pieces of glass had fallen out or been removed, leaving holes in the pavement, and about 6 a. m. of February 17, 1920, "the morning being rainy and dark," while plaintiff was walking on the pavement, the heel of her shoe, which was "an ordinary woman's shoe, with a 'common sense' heel" caught in one of these holes, two layers of the heel were torn off and she was thrown down, receiving the injuries of which she complains. "The identical plate that was at the place of the accident," and a shoe and heel of the character worn by plaintiff, were shown to the jury.

That the city was charged with knowledge of the fact that women would use the pavement, and that a jury, in

a proper case, might find it was negligence to leave a hole therein, so large that heels of the usual size would probably catch in it and throw the wearer thereof to the ground, are propositions too plain to require argument. Much point was made regarding the shallowness of the hole, but this is a matter of no moment, where, as here, the sides were abrupt, thereby, as a jury might find, naturally catching and holding such a heel. We do not qualify our oft-repeated rulings in the case of inequalities in a pavement, caused by wear and tear or the actions of the elements; they have no relevancy in this class of cases. If the glass had been taken out on the day the pavement was laid, the danger would have been as great as it was on the day this accident happened. Had the heel of plaintiff's shoe been unusually narrow, and, by reason thereof, it had caught in the hole and she had been injured, the court below could have given binding instructions for defendant, for a municipality is not obliged to anticipate the abnormal, however fashionable it may be or become; but here, as stated above, the heels were of the usual size worn by women, and it was, therefore, for the jury to say whether or not the hole was of such a character as to naturally grasp this kind of a heel.

On the second question raised we are of opinion the proofs were sufficient to justify the jury in finding the existence of the particular defect for such a length of time as to affect the municipality with constructive notice thereof. There were eight such holes in the pavement, plainly visible in the daytime, and these facts alone should have called attention to its unusual if not dangerous condition. The trial judge, in his opinion, correctly epitomizes part of the evidence in plaintiff's favor, as follows: "John W. Dodds gave testimony from which the jury could find the existence of this particular hole at least two months previously......It was identified by the plaintiff, by her subsequently finding a piece of her heel wedged fast in it, as being the third hole out

from the building. Dodds testified that among the holes which he saw were one in the first row, at the corner of the plate, two about the sixth row, and two back from that toward the building. Photographs of the place, which are in evidence, show one hole just at the corner, in the first row of discs, i. e., the row next to the building; two contiguous holes, not in but near to the sixth row; and two between them and the building, one of the latter two being the one identified by the plaintiff. The photographs show that at the time of the accident there were only three holes (one of them the cause of the accident) between the sixth row of discs and the edge of the plate toward the building; and Dodds testifies to having seen, two months previously, three holes between that sixth row and the building. Evidently the hole in question was one of those which he saw." The jury having found from this and the other evidence in the case, that the particular hole in which plaintiff's heel caught, had existed for a sufficient time to charge the city with constructive notice thereof, we cannot say, as a matter of law, that their conclusion was erroneous.

The judgment of the court below is affirmed.